IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Rodney Jones, Jr., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07cv1192 (LMB/TCB) |
| | ) | |
| Gene Johnson, | ) | |
|     Respondent. | ) | |

FILED MAY - 2 2008 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

<u>MEMORANDUM OPINION</u>

Rodney Jones, Jr., a Virginia inmate proceeding <u>pro se</u>, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the County of Henrico, Virginia for grand larceny. On February 28, 2008, respondent filed a Rule 5 Answer, Motion to Dismiss the petition, brief in support of that Motion and Notice, pursuant to Local Civil Rule 7(K). Petitioner was given the opportunity to file responsive materials, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), but he has not filed a response. For the reasons that follow, the instant petition will be dismissed.

I.

On March 24, 2005, following a bench trial in the Circuit Court for the County of Henrico, Virginia, petitioner was convicted of one count of grand larceny, in violation of Va. Code § 18.2-95. <u>See</u> Sentencing Order dated Apr. 21, 2005. Petitioner was sentenced on April 21, 2005 to ten years imprisonment with seven years suspended. <u>Id.</u> Petitioner appealed his conviction to the Court of Appeals of Virginia, challenging the sufficiency of the evidence. Pet. For Appeal dated Aug. 22, 2005. On November 22, 2005, a single judge of that court refused the petition for appeal. <u>Jones v. Commonwealth</u>, R. No. 1049-05-2, slip op. (Va. Ct. App. Nov. 22, 2005). Petitioner sought

reconsideration, and by Order dated January 23, 2006, a three-judge panel of the Court of Appeals of Virginia refused the petition for appeal. Jones v. Commonwealth, R. No. 1049-05-2, slip op. (Va. Ct. App. Jan. 23, 2006). Petitioner appealed to the Supreme Court of Virginia, challenging the sufficiency of the evidence. The Supreme Court of Virginia refused the petition for appeal on July 5, 2006. Jones v. Commonwealth, R. No 060352, slip op. (Va. Jul. 5, 2006).

Then, on January 11, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Pet. dated Jan. 11, 2007. Petitioner's sole challenge was to the sufficiency of the evidence supporting his conviction. Id. Citing to its decision in Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003) (holding that non-jurisdictional issues raised and decided either at trial or on direct appeal are not cognizable in a petition for a writ of habeas corpus), the Supreme Court of Virginia dismissed the petition on March 15, 2007. Jones v. Director of the Dep't of Corr., R. No. 070165, slip op. (Va. Mar. 15, 2007). Petitioner filed the instant federal petition for a writ of habeas corpus on November 14, 2007. His only claim is that the evidence is insufficient to support his conviction for grand larceny.

II.[1]

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state

---

[1] Respondent admits, and indeed, the record makes clear, that petitioner has exhausted the instant federal claim by presenting it to the Supreme Court of Virginia on direct appeal and in his habeas corpus petition. See 28 U.S.C. § 2254(b); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997).

2

court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III.

Petitioner claims that the evidence is insufficient to support his conviction for grand larceny. On federal habeas, the standard for a claim challenging the sufficiency of the evidence supporting a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). A reviewing federal court is required to give deference to the findings of fact made by the state courts, and this presumption of correctness applies to facts found by both the trial and appellate courts. 28 U.S.C.

§ 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review."). Instead, the court must determine whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

> The Court of Appeals of Virginia summarized the evidence in this case as follows:
>
> Officer Baylor testified he watched [petitioner] make a purchase in a department store via a monitor. Baylor stated that [petitioner] took numerous items to the cash register, which the cashier scanned into the cash register, then she [the cashier] voided the sale for the items. She then scanned only three items, and [petitioner] paid for the three items. However, [petitioner] kept all of the items, not just the three items. A videotape of the transaction was played for the trial judge. Thomas Smith, an employee of the department store, testified that the sale of twenty-three items was voided, yet [petitioner] kept the twenty-three items. In addition, the cashier later voided the transaction of the three items for which [petitioner] paid. Smith also testified that seven of the items [petitioner] kept were not scanned at all. Smith stated that [petitioner] possessed thirty-two items worth over $1,300 when he was stopped by security, yet he had paid for only $162 worth of items.
>
> [Petitioner], who had numerous felony and misdemeanor convictions, testified the clothing came from clearance racks and he did not pay attention to the cashier as she rung up the items.

Jones, R. No. 1049-05-2, slip op. at 1-2. Rejecting petitioner's challenge to the sufficiency of the evidence, the court stated:

> The trial judge did not accept [petitioner's] testimony. The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented. Rather, the trial judge found from viewing the videotape, coupled with the fact that [petitioner] had thirty-two items for which he had paid $162, that [petitioner] and the cashier colluded to steal merchandise. The evidence of [petitioner's] conduct supports the inference that [petitioner] intended to steal merchandise. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that [petitioner] committed grand larceny.

Id. at 2 (quotations and citations omitted). The reasoning of the Court of Appeals of Virginia is imputed to the Supreme Court of Virginia, which refused the petition for appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

To prevail on his claim that the evidence was insufficient, petitioner must refute that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 318. In Virginia, larceny, a common law crime, is defined as the wrongful or fraudulent taking of another's proper without his permission and with the intent to deprive the owner of that property permanently. Tarpley v. Commonwealth, 542 S.E.2d 761, 763-64 (Va. 2001). Under Va. Code § 18.2-95, grand larceny includes the taking, not from the person of another, of goods that have a value of $200.00 or more. Id. It is also well-settled that under Virginia law, a defendants's "unexplained exclusive possession of recently stolen property permits an inference of larceny by the possessor." Winston v. Commonwealth, 497 S.E.2d 141, 147 (Va. 1998) (citing Best v. Commonwealth, 282 S.E.2d 16, 17 (1981)). Thus, the evidence of a defendant's recent possession of stolen property, coupled with an unreasonable explanation of his obtaining the property, supports a finding of guilt. Bright v. Commonwealth, 356 S.E.2d 443, 444 (Va. Ct. App. 1987).

In this case, a rational trier of fact could have found proof beyond a reasonable doubt. The Court of Appeals of Virginia's review of the evidence established that petitioner brought thirty-two items to the cashier's station, paid for only three of those items, and was caught with all thirty-two items, twenty-nine of which he had not paid for, in his possession upon his attempt to exit the store. Petitioner testified during the trial that he did not pay attention the actions of the cashier. The trial judge, whom the Court of Appeals of Virginia noted was entitled to make credibility determinations,

rejected petitioner's explanation. Having so rejected, the trial court was left with evidence of petitioner's unexplained exclusive possession of 29 items of clothing for which he had not tendered payment. The Court of Appeals of Virginia found that the evidence was sufficient to prove beyond a reasonable doubt that petitioner intended to steal the merchandise. Its ruling is consistent with the evidence contained in the record and is therefore entitled to deference under § 2254.

Petitioner's argument does nothing to alter this conclusion. In essence, petitioner asserts that the trial judge convicted him on the basis of an "inference of collusion" resulting from petitioner's possession of "too many items of clothing for too little money." Petitioner asserts that this inference should have been "dismissed" by an equally "reasonable" inference of petitioner's innocence, and that the trial court's reliance on an "inference of collusion" violates Virginia law. In Virginia, a court reviewing a sufficiency of the evidence claim must satisfy itself that "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 313 S.E.2d 390, 393 (Va. 1984). This standard of review, however, is simply a state evidentiary rule which is not constitutionally mandated. Inge v. Procunier, 758 F.2d 1010, 1014 (4th Cir. 1985) (citing Massie v. Commonwealth, 125 S.E.2d 146, 148 (Va. 1924)). In reviewing a § 2254 claim challenging the sufficiency of the evidence, this Court does not apply Virginia's stricter standard of review and is thus not required to exclude every reasonable hypothesis of innocence. See Jackson, 443 U.S. at 326. Under this less strict standard of review, petitioner's argument fails.

## IV.

For the foregoing reasons, respondent's Motion to Dismiss the instant petition for a writ of habeas corpus will be granted, and the instant petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 2nd day of May 2008.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge